IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-91-BO
No. 7:16-CV-119-BO

| | | |
|---|---|---|
| IRVING BENNERMAN, | ) | |
| Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 36]. The government has moved to dismiss the petition, [DE 40], petitioner has responded, [DE 43], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On November 14, 2013, petitioner pleaded guilty, pursuant to a plea agreement, to unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE 18–19, 31]. On March 12, 2014, the Court sentenced petitioner to 210 months' imprisonment. [DE. 23–24, 30]. Petitioner appealed his judgment, [DE 26], and the Fourth Circuit rejected his argument that the Court erroneously sentenced him as an armed career criminal in an unpublished decision issued October 10, 2014. [DE 32].

On June 1, 2016, petitioner filed the instant motion under § 2255. [DE 36]. Petitioner alleges that his Connecticut convictions for first-degree, second-degree, and third-degree robbery are no longer predicate violent felonies for the enhanced penalties of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after the Supreme Court's decision in *Johnson v. United*

*States*, 125 S. Ct. 2551 (2015). [DE 36 at 4].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

The ACCA provides for enhanced punishments for those offenders who have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is defined by the statute as any crime punishable by more than one year imprisonment that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of ACCA's violent felony definition, which defines a violent felony to include one which "otherwise involves that presents a serious potential risk of physical injury to another." 135 S. Ct. 2557. The Court held that the residual clause is unconstitutionally vague and

2

that to increase a defendant's sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

As the residual clause has been held to be unconstitutional, only those convictions which satisfy one of the two remaining provisions of the definition of violent felony—the force clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another") or the enumerated clause ("is burglary, arson, or extortion, involves use of explosives")—remain proper ACCA predicates. "[I]n the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). This definition requires "a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 2 (2004).

To determine whether a prior conviction qualifies as a violent felony under ACCA, a court applies the categorical approach, looking only to the statutory definition of the offense and not considering the particular facts underlying the convictions. *Taylor v. United States*, 495 U.S. 575, 600 (1990); *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The prior conviction may operate as a predicate if it is defined more narrowly than, or has the same elements as, the generic federal crime. *Id.* at 2283. Thus, under the categorical approach, a prior offense can only qualify as a violent felony under ACCA if all of the criminal conduct covered by a statute— "including the most innocent conduct"—matches or is narrower than the violent felony definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).

In Connecticut, a person is guilty of robbery "when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the

purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny." Conn. Gen. Stat. § 53a–133. Connecticut differentiates between third-degree robbery, which is robbery as defined in § 53a–133, and second- and first-degree robbery by adding certain aggravating requirements.[1] *See* Conn. Gen. Stat. §§ 53a–133, –134, –135, –136. Petitioner contends that Connecticut robbery is no longer a predicate offense under the ACCA because it does not categorically qualify as a violent felony under the force clause of the ACCA. Without these convictions, petitioner would no longer qualify for the enhanced penalties of the ACCA.

On direct appeal, petitioner raised this same argument when he petitioned the Fourth Circuit to hold that his conviction for Connecticut first-degree robbery was not a violent felony under the theory that the statute extends to persons who are accessories after the fact. [DE 32 at 2–3]. In an unpublished opinion, the Fourth Circuit affirmed petitioner's sentence, concluding that these were predicate offenses under the force clause of the ACCA and stating that "the crime of first degree robbery in Connecticut has, 'as an element the use, attempted use, or threatened use against physical force against the person of another.'" [DE 32 at 3–4 (quoting 18 U.S.C. § 924(e)(2)(B)(i))]. Although the Fourth Circuit was only considering petitioner's first-degree

---

[1] Second degree robbery adds the requirement that the perpetrator be aided by another person actually present during the offense or the perpetrator or another participant in the crime "displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument." Conn. Gen. Stat. § 53a–135.

First degree robbery adds the requirement that, "in the course of the commission of the crime of robbery . . . or of immediate flight therefrom, [the perpetrator] or another participant in the crime" cause serious physical injury to a non-participant in the crime, be armed with a deadly weapon, use or threaten to use a danger instrument, or display or threaten the use of what he represents to be a gun. Conn. Gen. Stat. § 53a–134.

4

robbery conviction, its rationale applies with equal force to second- and third-degree robbery. [See DE 32 at 2–4].

When a decision of an appellate court establishes "the law of the case," it "must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988) (quoting *EEOC v. International Longshoremen's Assoc.*, 623 F.2d 1054 (5th Cir.1980)). None of the exceptions to the law of the case doctrine are applicable here. Because the Fourth Circuit has directly spoken on this issue in this matter, the Court declines to reconsider that ruling and holds that robbery in violation of Connecticut law is an ACCA predicate under the force clause. Accordingly, petitioner's three convictions for robbery in Connecticut qualify as violent felonies and petitioner's sentence was properly enhanced under the ACCA. 18 U.S.C. § 924(e)(1).

For these reasons, petitioner cannot state a claim upon which relief may be granted and his § 2255 petition is properly dismissed.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-*

*El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The issue of whether Connecticut robbery is a proper ACCA predicate after *Johnson* is an unsettled question adequate to deserve encouragement to proceed further and a certificate of appealability is therefore GRANTED.[2]

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 40] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 36] is DISMISSED. A certificate of appealability is GRANTED.

SO ORDERED, this 19 day of April, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] *Compare Shabazz v. United States*, No. 3:16-CV-1083, 2017 WL 27394 (D. Conn. Jan. 3, 2017), *appeal docketed*, No. 17-167 (2d Cir. Jan. 19, 2017) (holding that Connecticut robbery is not categorically a crime of violence under the force clause of the ACCA) *with United States v. Parks*, No. 3:15-CR-0152, 2017 WL 679945 (M.D. Pa. Feb. 21, 2017) (holding that Connecticut robbery categorically qualifies as a crime of violence under the force clause of U.S.S.G. § 4B1.2(a)(1)).